UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY N. HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02609-SEB-MPB |
| | ) | |
| FALCONER DR. ACTING PHYSICIAN, | ) | |
| JOHNSON NP, | ) | |
| JACOBS NURSE, | ) | |
| SWAIN VITAL AND TRIAGE, | ) | |
| SMITH CASE WORK MANAGER, | ) | |
| DELK NURSE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Third Motion for Appointment of Counsel**

Plaintiff Timothy N. Hatton's third motion for the appointment of counsel, dkt. [41], is **denied**. Mr. Hatton has not received leave to proceed *in forma pauperis*. He paid the full filing fee rather than provide a statement of transactions from his prisoner trust account. *See* dkts. 5 & 7. With the instant motion, Mr. Hatton provides a statement of trust account transactions for a *one-month* period, again avoiding providing the Court with the six-month statement required by 28 U.S.C. § 1915(a)(2) to obtain leave to proceed *in forma pauperis*. The provided statement shows that Mr. Hatton is not indigent and has sufficient funds with which to retain private counsel. *See* dkt. 41-2.

Additionally, Mr. Hatton has now used the Court's form motion for assistance with recruiting counsel. Dkt. 41. He asserts he has contacted seven attorneys or law firms "and more," without success. Mr. Hatton has no difficulty reading or writing English, has attended college while in the Army, and faces no physical or mental health issues that would affect litigating this

action on his own. *Id.* at 2-3. Finally, Mr. Hatton asserts that because of his imprisonment he has extreme difficulty litigating this action on his own. *Id.* at 4.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are simply not enough lawyers willing and qualified to accept a *pro bono* assignment in every *pro se* case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for *pro bono* counsel, the district court is to make the following inquiries: (1) has the **indigent** plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (emphasis added)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether the litigant has made a reasonable attempt to secure private counsel on his own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Assuming, for purposes of this discussion only, that Mr. Hatton has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance, the analysis moves to the second question.

2

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

As noted above, Mr. Hatton has no physical or mental conditions that negatively impact his ability to litigate on his own. He has attended or completed college (the motion does not reflect whether a college degree was obtained) and reads and write English well. The lack of knowledge of the law and limited access to legal resources are obstacles faced by almost all *pro se* litigants and especially those who are incarcerated. To date, however, Mr. Hatton has met all Court deadlines and corrected the deficiencies brought to his attention. His communications to the Court have been clear and responsive to the issues, albeit evasive as to his financial assets. This action involves a lack of or delay in medical treatment, and not questions of the quality, propriety, or necessity of treatment. These issues are not complex and do not, at least at this stage, require specialized knowledge or expertise. This case is currently in the discovery stage, and there is no indication that Mr. Hatton is unable to meaningfully participate in the discovery process.

Accordingly, Mr. Hatton's motion for assistance recruiting counsel, dkt. [41], is **denied** because he is not indigent and possesses assets with which to retain counsel on his own.

Additionally, if Mr. Hatton was indigent, he would not meet the *Pruitt* tests for assistance in recruiting counsel. *See* 503 F.3d at 654.

**IT IS SO ORDERED**.

Date: 6/28/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy N. Hatton
231193
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com

Andrew J. Sickmann
Boston Bever Klinge Cross & Chidester
ajsickmann@bbfcslaw.com