UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY N. HATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02609-SEB-MPB |
| | ) | |
| ERICK FALCONER,[1] | ) | |
| DIANNA JOHNSON, | ) | |
| SHELLY JACOBS, | ) | |
| JUDY SWAIN, | ) | |
| KARISSA SMITH, | ) | |
| LORRI DELK, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Immediate Injunctive Relief**

Timothy Hatton is an inmate at New Castle Correctional Facility. He brought this prisoner civil rights lawsuit alleging several health officials and his case manager acted with deliberate indifference when treating his broken finger and injured elbow. Currently pending are Defendants' motions for summary judgment. Dkts. 79, 83. Mr. Hatton now moves for immediate injunctive relief. Dkt. 99.

**I. Mr. Hatton's Motion**

In his request for injunctive relief, Mr. Hatton asserts Defendants are changing his pre-existing, chronic care and are refusing to treat his pain. *Id.* at 1. He asks the Court to order the Defendants and the facility's future medical staff to provide him with at least 2000mg of Acetaminophen and at least 250 mg of Ibuprofen daily. *Id.* at 2.

---

[1] The **clerk** is **directed** to update the caption as follows: Erick Falconer, Dianna Johnson, Shelly Jacobs, Judy Swain, Karissa Smith, and Lorri Delk.

## II. Discussion

To obtain preliminary injunctive relief, Mr. Hatton must establish that (1) he will suffer irreparable harm; (2) his traditional legal remedies are inadequate; and (3) he has some likelihood of success on the merits. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "Some" likelihood of success means he must make a "strong" showing, which includes a demonstration of how he proposes to prove the key elements of his case. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). If Mr. Hatton makes this threshold showing, the Court then considers the balance of harms between the parties and the effect on the "public interest" should injunctive relief be granted. *Tully v. Okeson*, 977 F.3d 608, 612 (7th Cir. 2020). "This balancing process involves a 'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays*, 974 F.3d at 818.

Courts must be cautious when granting preliminary injunctive relief. *Tully*, 977 F.3d at 612 ("A preliminary injunction is an extraordinary remedy.") (internal quotations and citations omitted); *see also Cassell v. Snyders*, 990 F.3d 539, 544 (7th Cir. 2021) ("A preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.") (internal quotations and citations omitted). That is particularly so when the plaintiff is requesting that Court order the defendant to take a particular action. *Mays*, 974 F.3d at 818 ("Mandatory preliminary injunctions—those requiring an affirmative act by the defendant— are 'ordinarily cautiously viewed and sparingly issued.'") (internal quotations and citations omitted).

The Prison Litigation Reform Act ("PLRA") adds an additional layer: "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that

harm." 18 U.S.C. § 3626(a)(2). The Act reinforces the principle that prison administrators have substantial discretion over the institutions they manage. *Rasho v. Jeffreys*, 22 F.4th 703, 711 (7th Cir. 2022).

Here, Mr. Hatton falls short of establishing he is entitled to preliminary injunctive relief. As an initial matter, he has not established a sufficient connection between the claims in his complaint and the claims in his motion. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Mr. Hatton's complaint concerns Defendants' conduct when treating an injury that occurred on July 20, 2020; his preliminary injunction motion concerns Defendants' treatment of his current pain and what he alleges as "chronic care." While the two might be related, Mr. Hatton has not demonstrated so. He has not submitted any medical records, any reports from doctors indicating when he was diagnosed with a chronic condition, or any additional evidence that might otherwise demonstrate a sufficient nexus. He has only asserted the two are related, which is not sufficient. *See Pacific Radiation*, 810 F.3d at 637 (denying injunctive relief because the plaintiff failed to explain how the claims in its complaint related to the claims in its preliminary injunctive motion).

Another problem with Mr. Hatton's preliminary injunction request is his proposed remedy. He requests that the Court order "Defendants, current medical staff, and future staff to provide [him] with at least 2000mg per day of Acetaminophen and at least 250mg per day of ibuprofen[.]" Dkt. 99 at 2. This runs squarely into the PLRA's prohibition of broad injunctions, *see*

§ 3626(a)(1)(A), and it strips prison health officials of the ability to independently treat Mr. Hatton. *See Rasho*, 22 F.4th at 711 (prison administrators have substantial discretion over the institutions they manage). Additionally, it targets parties who are not a part of this lawsuit. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) (observing that "[a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). These reasons are sufficient alone to deny Mr. Hatton's request.

As for the merits, he has not made a "strong" showing that any of the Defendants were deliberately indifferent to treating an objectively serious medical condition. *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) ("'Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need.'") (quoting *Thomas v. Blackard*, 2 F.4th 716, 721 – 22 (7th Cir. 2021)). Again, Mr. Hatton has not submitted any medical records to demonstrate *his current condition* is objectively serious and that Defendants "know of and [have] disregard[ed] an excessive risk to [his] health or safety." *Johnson*, 5 F.4th at 824; *see also Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (noting deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotations and citations omitted). Beyond his conclusory assertions that Defendants are acting with deliberate indifference, all that he has submitted are two healthcare request forms that show his acetaminophen and prednisone prescriptions were not being refilled. Dkt. 101-1. But those forms also indicate those prescriptions were ordered for short-term care, and they directed him to file a healthcare request form to be seen by a nurse. *See id.* This falls short of demonstrating

deliberate indifference. *See Johnson*, 5 F.4th at 825 – 26 (explaining a plaintiff's ultimate disagreement with a defendant's course of treatment is usually insufficient to establish deliberate indifference).

### III. Conclusion

Because Mr. Hatton has failed to make a threshold showing that he is entitled to injunctive relief, his motion for immediate injunctive relief, dkt. [99], is **denied**.

**SO ORDERED**.

Date: 3/28/2022

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TIMOTHY N. HATTON
231193
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel